OPINION. OppeR, Judge: The parties are apparently in agreement that what petitioner transferred to his publisher was a capital asset. They differ first as to whether that transfer was a sale on the one hand or a license on the other, so that in the former event it would be subject to the capital gains provisions. While the contract to assign is not entirely without ambiguity, it seems to us its fair intendment is that petitioner transferred, for the full term of the copyright, and the publisher received all of the rights incorporated in the property, leaving nothing for which petitioner could issue licenses to others or use himself. This has been treated as the essential touchstone for determining whether such an arrangement was in fact a sale. Commissioner v. Wodehouse, 337 U. S. 369; Commissioner v. Hopkinson (C. A. 2), 126 F. 2d 406; cf. Goldsmith v. Commissioner (C. A. 2), 143 F. 2d 466, certiorari denied 323 U. S. 774. The copyright was to be issued in the name of the publisher. The book is referred to as “its property.” Although petitioner was to receive compensation for “reprint or other reproduction,” the publisher was specifically granted such rights as translation into foreign languages and it is evident that the publisher and not petitioner was to be in position to grant any such license. It is even provided that petitioner cannot publish “any other material written or edited by him which would interfere with the sale” of the book. Under such circumstances, the provision for reassignment to petitioner if publication does not succeed can as well be viewed in the light of a reconveyance as of the reservation of any present right in the property on petitioner’s part. And it is by now too well settled to admit of any discussion that mere payment of a consideration on the basis of sales or otherwise in a fashion commonly referred to as “royalties” does not suffice to transmute what would otherwise be a sale into a mere license. Hofferbert v. Briggs (C. A. 4), 178 F. 2d 743. We are accordingly satisfied that the transfer was a capital transaction. A further alternative issue is presented by respondent’s insistence that even so we are dealing with a short term gain because petitioner’s holding period was less than 6 months. In this respect also we view the determination as erroneous. It is evident that the original agreement dealt with property which was not yet in existence. Under such circumstances, as the parties virtually agree, it was impossible to pass present title or to consider that the contract was itself a sale. Wilson v. Wilson, 37 Md. 1. It follows that the contract did not encompass the passage of title. By the middle of 1944 the work had been substantially completed, and by January of 1945 even such mechanical operations as the typing, proofreading, and correction of the manuscript were finished. Not later than that date and probably as of the middle of 1944 it is thus necessary to conclude that petitioner had in his hands the completed article which he had contracted to deliver. Delivery, however, did not take place until August of 1945. This brought about the passage of title under these facts. See Secor v. Charles H. Tompkins Co. (D. C. Municipal Court of Appeals), 45 A. 2d 117. There was thus a period of at least six months and probably a year during which petitioner held the property while it was in existence and prior to its sale. The holding period to authorize treatment as a long term capital gain is accordingly furnished by the record. Carl G. Dreymann, 11 T. C. 153. We conclude that petitioner’s treatment of the proceeds as long term capital gain was correct. In view, however, of the failure to report the receipt of a part of the payment as of the year in which it was received, Decision will be entered under Rule SO.